IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-13-191-F |
| | ) |
| MARSIAL GARCIA, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Marsial Garcia, appearing *pro se*, has filed a motion for a writ of coram nobis pursuant to 28 U.S.C.§ 1651. Doc. no. 216. Plaintiff United States of America has responded, opposing the requested relief. Doc. no. 237. Defendant has replied. Doc. no. 239.[1] Upon due consideration, the court finds defendant's motion should be denied.

At the outset, "a petition for a writ of coram nobis is available only to a person 'who is no longer "in custody" and therefore cannot seek habeas relief.'" United States v. Palmer, 802 Fed. Appx. 315, 317 (10th Cir. 2020) (quoting Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013)). Defendant is currently in custody serving the sentence imposed by the court. Therefore, defendant is ineligible for a writ of coram nobis.

In addition, a court may not grant a writ of coram nobis on grounds defendant "could have . . . raised on direct appeal, through a [28 U.S.C.] § 2255 motion, or in

---

[1] Although defendant, in document number 239, asks for an emergency summary judgment, the court construes the document as a reply in support of defendant's motion rather than a motion for summary judgment. "'[T]here is no summary judgment procedure in criminal cases.'" United States v. Rodrigues, 847 Fed. Appx. 609 (11th Cir. 2021) (quoting United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992)).

any other prior collateral attack on the conviction or sentence." United States v. Miles, 923 F.3d 798, 804 (10th Cir.), *cert. denied*, 140 S.Ct. 470 (2019).  The grounds raised by defendant in his motion are grounds that could have been raised on direct appeal or through a § 2255 motion.[2]

Accordingly, the motion of defendant Marsial Garcia for a writ of coram nobis pursuant to 28 U.S.C. § 1651 (doc. no. 216) is **DENIED**.

DATED this 4th day of June, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-0191p023.docx

---

[2] The fact that plaintiff may have raised waiver of appellate and post-conviction rights to preclude relief on direct appeal or through a § 2255 motion does not authorize defendant to challenge his conviction or sentence through a writ of coram nobis.  *See*, United States v. Vasquez, 515 Fed. Appx. 757, 758 (10th Cir. 2013) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).